

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 19, 1947

Hon. George P. Hudson          Opinion No. V-385
County Attorney
Jones County                   Re:  Validity of an
Anson, Texas                        election held in
                                    Jones County in
                                    1909 to forbid
                                    certain stock run-
                                    ning at large

Dear Sir:

In your request for an opinion upon the above stated subject matter you advise as follows:

"I have a case on the docket here where a person is to be prosecuted for wilfully permitting his stock (horses) to run at large on the land of another. The prosecution is under Article 1370, P. C., Vernon's Statutes, and especially as to:

"1. Whether or not the 'Stock Law' is valid and in force in Jones County.

"2. If not valid, then is another election the method for correction?"

Your request is accompanied by a transcript of the proceedings in the minutes of the Commissioners' Court of Jones County. From this transcript it appears that everything is in proper order and that the election therefore put the law into effect unless there be a vice as to notice of the election and proclamation of the result. You say:

"The question in my opinion is whether publication was ever had on the calling of the election or publication of the results was ever had. There is nothing in the Commissioners' Court's minutes in regard to this, other than the above. In my opinion the prosecution under the above

in Jones County would not stand up be-
cause of inability to prove publication,
and it will be necessary to hold an elec-
tion on this before prosecution can be
had on any such cases in the future."

The statute under which Jones County held the
election involved was Senate Bill No. 157, Chapter
LVII, of the 30th Legislature (1907), being Section 20b
of that Act.

Section 12 of the Act is as follows:

"The returns shall be opened, tabu-
lated and counted by the county judge in
the presence of the county clerk and at
least one justice of the peace of the
county, or by two respectable freeholders
of the county and an order showing the
result shall be duly recorded in the min-
utes of the commissioners' court in the
said county. And the order showing the
result of said election thus determined,
certified and recorded, shall be held to
be prima facie evidence that all the pro-
visions of law have been complied with in
presenting the petition, the action of the
court thereon ordering the election, the
giving of notice and holding said election
and in counting and returning the votes, and
declaring the result thereof, and if said
election be then declared to be in favor of
the stock law, then after thirty days from
said date, it shall be prima facie evidence
that the proclamation required by law has
been made and published as required by law."

Of course, the indictment must specifically
allege, and the evidence must show, all the essential
facts to make the election valid, and the evidence must
support such allegations before there can be a convic-
tion. Having alleged such essential facts, Section 12
makes the prescribed orders of the Commissioners' Court
prima facie evidence of such requisite steps. It ap-
pears from the transcript (abbreviated in some respects,
however) that upon the introduction of such orders and
proceedings of the Commissioners' Court, accompanied
by factual elements as to the defendants, you will have
made a prima facie case. Section 12 is now Article
6961 of Vernon's Civil Statutes.

We, therefore, answer your first question to the effect that it appears from the transcript of the proceedings of the Commissioners' Court of Jones County that the election referred to was in compliance with the law, and that the Stock Law was put into effect thereby. Having answered in this respect, it is not necessary for us to answer your second inquiry.

### SUMMARY

From the transcript of the proceedings of the Commissioners' Court of Jones County, it appears that the election held in that county in 1909 to determine whether or not certain livestock should be permitted to run at large was regularly held and such law became effective in the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-djm-mw-jcp

APPROVED:

ATTORNEY GENERAL